MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@bourassalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDERICK MCKAGUE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY COLLECTION SERVICE, LLC., a Nevada limited liability company; FREMONT EMERGENCY SERVICES (HENNER AND SEARS), LTD, a Nevada professional corporation<br><br>Defendants. | Case No.: 13-cv-00009-PMP-GWF<br><br>**AMENDED COMPLAINT** |

**AMENDED COMPLAINT**

Plaintiff, FREDERICK MCKAGUE (hereinafter referred to as "PLAINTIFF") by and through the undersigned attorney, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this Amended Complaint against the above-named defendants and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from Defendants' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because PLAINTIFF and DEFENDANTS reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. PLAINTIFF is a natural person who resides in Nevada.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. PLAINTIFF allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. CLARK COUNTY COLLECTION SERVICE, LLC, (hereinafter referred to as "CCCS") is a Nevada limited liability company, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that CCCS regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the CCCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. FREMONT EMERGENCY SERVICES (HENNER AND SEARS), LTD, (hereinafter referred to as ("FREMONT") is a Nevada professional corporation, the principal purpose of whose business is emergency medical services.

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. PLAINTIFF is a "responsible party" as defined by NRS 449.755 for medical expenses incurred by Liberty Morgan.

12. On or about May 26, 2011, Liberty Morgan received "hospital care" as defined by NRS 428.155 from FREMONT, and FREMONT charged PLAINTIFF $468.00 for these services.

13. FREMONT did not properly bill PLAINTIFF'S health insurance plan, and instead billed PLAINTIFF'S insurance company under the name "2iberty Morgan."

14. PLAINTIFF informed FREMONT on several occasions of this error.

15. FREMONT did not remedy this error, and instead sought to collect the amount from PLAINTIFF, including an additional $188.68 that PLAINTIFF is informed and believes is for interest and other collection costs.

16. FREMONT, through its agent, CCCS, contacted PLAINTIFF on one or more occasions on by telephone in an attempt to collect this alleged debt.

17. Thereafter, FREMONT resubmitted the claim to PLAINTIFF'S insurance company, and on May 12, 2012, PLAINTIFF verified that the PLAINTIFF'S insurance paid the claim to FREMONT in full.

18. However, FREMONT, through its agent, CCCS, continued to demand payment of the alleged debt, interest, and other additional charges.

19. In addition, during its telephone communications with PLAINTIFF, CCCS threatened place the alleged debt on PLAINTIFF'S credit report.

20. As a result of the acts and omissions of the CCCS and FREMONT, PLAINTIFF has been forced to hire counsel to prosecute this action and to incur attorney fees and costs.

21. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF may have suffered damages in other ways and to other extents not presently known to PLAINTIFF,

- 3 -

and not specified herein.  PLAINTIFF reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

### FIRST CLAIM FOR RELIEF

**VIOLATION OF THE FDCPA**
**15 U.S.C.§ 1692e(2)**
**(against CCCS only)**

22.  PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23.  Section 1692e(2) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt….

24.  During the telephone calls CCCS placed to PLAINTIFF, CCCS misrepresented the amount of a debt allegedly owed by PLAINTIFF in violation of 15 U.S.C. § 1692e(2).

25.  As a result of the violations by CCCS, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

26.  It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### SECOND CLAIM FOR RELIEF

**VIOLATION OF THE FDCPA**
**15  U.S.C.§ 1692e(5)**

**(against CCCS only)**

- 4 -

27. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 26 inclusive, above.

28. Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*   \*   \*
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

29. CCCS threatened to place the alleged debt on PLAINTIFF'S credit report. PLAINTIFF is informed and believes, and thereon alleges, that CCCS could not legally list the alleged debt on his credit report, nor did CCCS actually intend to do so. CCCS therefore violated 15 U.S.C. § 1692e(5).

30. As a result of the violations by CCCS, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

31. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA
### 15 U.S.C.§ 1692f(1)

### (against CCCS only)

32. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 31 inclusive, above.

33. Section 1692f of the FDCPA states in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

- 5 -

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law

34. CCCS seeks to collect from PLAINTIFF "additional charges." These "additional charges" are not authorized by law or by any agreement creating the purported debt, and therefore CCCS has violated 15 U.S.C. § 1692f(1).

35. As a result of the violations by CCCS, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

36. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF NRS 449.757(1)**

**(against FREMONT only)**

37. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38. NRS 449.757(1) states:

> the hospital must not proceed with any efforts to collect on any amount owed to the hospital for the hospital care from the responsible party, other than for any copayment or deductible, if the responsible party has health insurance or may be eligible for Medicaid, the Children's Health Insurance Program or any other public program which may pay all or part of the bill, until the hospital has submitted a bill to the health insurance company or public program and the health insurance company or public program has made a determination concerning payment of the claim.

39. PLAINTIFF is a responsible party for hospital care provided to Liberty Morgan by FREMONT.

- 6 -

40. FREMONT did not properly submit a claim to PLAINTIFF'S health insurance for hospital care provided to Liberty Morgan. However, FREMONT made efforts to collect the alleged amount due from PLAINTIFF in violation of NRS 449.757(1).

41. As a result of the violations by FREMONT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

42. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF NRS 449.757(3)

### (against FREMONT only)

43. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 42 inclusive, above.

44. NRS 449.757(3) states:

> Except for the interest authorized pursuant to subsection 2 and any court costs and attorney's fees awarded by a court, no other fees may be charged concerning the amount that remains unpaid, including, without limitation, collection fees, other attorney's fees or any other fees or costs.

45. FREMONT sought to collect an additional $188.68 from PLAINTIFF.

46. PLAINTIFF is informed and believes, and thereon alleges, that this additional amount includes collection fees and other fees or costs not permitted by NRS 449.757(3).

47. As a result of the violations by FREMONT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

48. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefore.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF NRS 449.759

### (against FREMONT only)

49. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 48 inclusive, above.

50. NRS 449.759 provides:

> A hospital, or any person acting on its behalf who seeks to collect a debt from a responsible party for any amount owed to the hospital for hospital care must collect the debt in a professional, fair and lawful manner. When collecting such a debt, the hospital or other person acting on its behalf must act in accordance with sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the hospital or person acting on its behalf is not otherwise subject to the provisions of that Act.

51. FREMONT, through its agent, CCCS threatened to place the alleged debt on PLAINTIFF'S credit report. PLAINTIFF is informed and believes, and thereon alleges, that FREMONT could not legally list the alleged debt on his credit report, nor did FREMONT actually intend to do so. FREMONT therefore violated NRS 449.759 because it violated 15 U.S.C. § 1692e(5).

52. FREMONT, through its agent, CCCS, seeks to collect from PLAINTIFF "additional charges." These "additional charges" are not authorized by law or by any agreement creating the purported debt, and therefore CCCS has violated NRS 449.759 because it has violated 15 U.S.C. § 1692f(1).

53. During the telephone calls FREMONT, through its agent, CCCS, placed to PLAINTIFF, FREMONT misrepresented the amount of a debt allegedly owed by PLAINTIFF in violation of NRS 449.759 because it violated 15 U.S.C. § 1692e(2).

54. As a result of the violations by FREMONT, PLAINTIFF is entitled to statutory damages plus actual damages to be shown specifically at the time of trial.

55. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor and that judgment be entered against FREMONT and CCCS for the following:

(1) For actual and statutory damages pursuant to 15 U.S.C. § 1692k;

(2) For all allowable damages for violation of NRS 449.757 and 449.759.

(3) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

DATED this 30th day of April 2013.

**THE BOURASSA LAW GROUP, LLC**

*/s/ Mark J. Bourassa, Esq.*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
*Attorney for Plaintiff*